

MORRISTOWN, NJ • NEW YORK, NY • OCEAN CITY, NJ • PHILADELPHIA, PA
SAN JUAN, PR • TRENTON, NJ • WESTBOROUGH, MA • WILMINGTON, DE

JOSHUA H. ABRAMSON
MEMBER, NJ AND NY BARS
DIRECT DIAL NO.: 646-348-6720
E-MAIL ADDRESS: JHABRAMSON@PBNLAW.COM

August 12, 2025

**VIA ECF**

Honorable Paul E. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square, Room 2201
new York, New York 10007

    Re:    *Torres et al. v. Saia Motor Freight, et al.*- ***JOINT REQUEST FOR A STAY OF EXPERT DEPOSITIONS SO THAT MEDIATION MAY GO FORWARD PRIOR TO THOSE EXPENSES BEING INCURRED***
            1:24-cv-01301- PAE

Dear Judge Engelmayer:

    We represent Defendants Saia Motor Freight Line LLC ("Saia") and Kevin Robertson ("Robertson") (collectively, "Defendants") in the above-referenced action.

    <u>Executive Summary</u>:

    This is a **<u>joint request</u>** by Plaintiffs and Defendants to request a stay of expert depositions in this case until parties have completed an all-day mediation, which is scheduled for <u>November 11, 2025</u>. As detailed below, the reason is that the parties would like to explore the possible resolution of this case prior to incurring the time and expenses associated with said expert depositions. Additionally, it will also be extremely difficult, if not impossible, to schedule and complete all of the expert depositions by the current expert discovery deadline of <u>September 26, 2025</u> due to the complexity of the liability, causation and damages issues which are all in dispute for three separate plaintiffs. This is an expert heavy case and completing all of the expert depositions prior to the current expert discovery deadline is unrealistic. <u>The parties jointly and respectfully request that the Court stay expert depositions until after the mediation has taken place on November 11, 2025. The parties propose that they file a status report on or before November 14, 2025 to advise the Court of the mediation results and to propose an expert deposition schedule if the case is not resolved at mediation.</u>



Good Cause for Stay and Discussion:

As the Court is aware, this case is a multiparty litigation arising out of a December 29, 2022 accident. It involves three plaintiffs who have been deposed (over five days) and there has been exchange of written discovery and collection of an enormous volume of medical records for each plaintiff (which is continuing based on additional authorizations recently produced by plaintiffs). As we detailed for the Court during our prior letter of June 10, 2025 (ECF Doc. 20), this case has transformed into a much more complex and discovery intensive case from when it was filed. That is largely due to the plaintiffs undergoing extensive medical treatment and multiple 'new" surgical procedures that Defendants were not made aware of until this case was already far along. This has made it extremely difficult to meet prior expert discovery deadlines because each Defense expert must review thousands of pages of records and films, and issue separate reports, for each of the three plaintiffs. They also must review substantial additional records that Defendants have been working hard to obtain since these experts conducted physical examinations of the plaintiffs last year.

To provide some perspective, the plaintiffs have collectively undergone ten (10) surgeries since the accident of which Defendants are aware. Defendants have now collected thousands of pages of medical records and sixty-five (65) radiological studies. Defendants are also working diligently to collect medical records from providers for whom medical authorizations were only recently provided, and billing records from the plaintiffs' numerous medical providers. All of these records are critical for Defendants' experts to be able to conduct a comprehensive review of the plaintiffs' economic and non-economic damages claims.

Defendants have retained as medical experts a general Orthopedic Surgeon, a Spine Surgeon, a Neurologist, and a Radiologist. Defendants have also retained a biomechanical expert and accident reconstruction expert. All of these experts (excluding the accident reconstruction expert) are reviewing an enormous volume of medical records and films for each plaintiff, and will need to review additional records and films that are currently being collected based on recent medical authorizations received. The plaintiffs anticipate having multiple medical experts, a life care planning expert, and possibly a liability expert. Should plaintiffs serve a life care planning expert, Defendants will likely also retain a rebuttal life cate plan expert. In short, the parties anticipate having ten (10) or more experts serving reports and who will be subject to depositions.

In the midst of this extensive discovery, the parties have started to undertake efforts to explore a case resolution. Towards that end, the parties have scheduled and confirmed an all-day *mediation on November 11, 2025 with Robert Adama, Esq. at National Arbitration and Mediation ("NAM")*. Mr. Adams is a highly sought after and respected mediator for complex personal injury matters, like this case, and so the partiers are hopeful they can resolve the case, or at least make substantial progress, at the mediation. *Attached for the court's review is the mediation confirmation from NAM*. The Parties would like to proceed with mediation prior to incurring the substantial costs of expert depositions.

Given the large number of experts involved, it will be extremely time consuming and costly for both sides to complete reports and conduct depositions of these experts by the September 26, 2025 expert discovery deadline. This is especially true for the several medical and life care planning experts who will



have to be questioned about *three different plaintiffs*, all of whom have very different claims. The parties firmly believe they can best position the three plaintiffs' claims for a resolution by focusing on the outstanding discovery items that will be critical for the mediation, completing and serving their respective expert reports, and not incurring the substantial costs associated with numerous lengthy expert depositions before the mediation. <u>The parties jointly and respectfully request that the Court stay expert depositions until after the mediation has taken place on November 11, 2025. The parties propose that they file a status report on or before November 14, 2025 to advise the Court of the mediation results and to propose an expert deposition schedule if the case is not resolved at mediation.</u>

We thank the Court for its consideration of this matter.

Respectfully submitted,

s/Joshua H. Abramson

Joshua H. Abramson

JHA
Encl.
cc:   All counsel via ECF

GRANTED.

In light of the parties' November 11, 2025 mediation, the deadline to complete expert depositions is stayed. The parties shall file a joint status letter by November 14, 2025, advising the Court of the mediation results and, if necessary, proposing an expedited expert deposition schedule.

SO ORDERED.

Paul A. Engelmayer

Date:  August 13, 2025
       New York, New York

Paul A. Engelmayer
United States District Judge

8257971